IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 09-cr-00319-MSK

UNITED STATES OF AMERICA,

        Plaintiff,

v.

Mario Quinones-Ojeda,

        Defendant.

## ORDER DENYING MOTION FOR SENTENCE ADJUSTMENT

**THIS MATTER** comes before the Court on Defendant's *pro se* Motion for Sentence Adjustment (**#26**), as supplemented by counsel (**#29**), to which the Government has responded (**#35**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I. Background

Mr. Quinones-Ojeda was convicted of Illegal Re-entry After Deportation Subsequent to an Aggravated Felony Conviction (8 U.S.C. § 1326) and sentenced pursuant to a plea agreement on April 12, 2010. Mr. Quinones-Ojeda was sentenced to a below-guideline term of 41 months imprisonment. Currently, he is scheduled to be released in June of 2012. His motion to modify the sentence was based on amendments to the Sentencing Guidelines that went into effect on November 1, 2010, close to seven months after his sentencing hearing took place. He requests a modification of his sentence based on Amendments 739 and 740. Amendment 739 amended Part H of Chapter 5 of the Guidelines allowing Courts to now depart based on age, mental and emotional conditions, physical conditions or appearance, and past military service.

Amendment 740 amended §2L1.2 of the Guidelines concerning when Courts should depart downward on the basis of cultural assimilation.

The Government opposes the motion, arguing that the Court does not have jurisdiction to hear the motion.

## II. Analysis

In general, a district court may not modify a term of imprisonment once it has been imposed except pursuant to limited exceptions, including (1) upon a motion of the Director of the Bureau of Prisons if certain conditions are satisfied, (2) where expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, and (3) "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c). The relevant policy statement, USSG § 1B1.10(a), states that "[i]f none of the amendments listed in subsection (c) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement and thus is not authorized." Amendments 739 and 740 are not listed in subsection (c) of USSG § 1B1.10 and therefore may not be applied retroactively to reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2).

In the supplementary briefing filed by counsel, Mr. Quinones-Ojeda acknowledges that the Court does not have discretion to modify the sentence under 18 U.S.C. § 3582(c). However, he argues that "the Court may nevertheless retain discretion to modify Quinones's sentence based on cultural assimilation if Amendment 740 is seen as a 'clarifying' amendment instead of

a 'substantive' amendment." Supplement, **#29** (citing *United States v. Kissick*, 69 F.3d 1048, 1052 (10th Cir. 1995)).

The distinction between a clarifying amendment and a substantive amendment is inapplicable in these circumstances. "The question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2)." *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). Mr. Quinones-Ojeda does not argue that he was incorrectly sentenced; moreover, any such argument "should be raised on direct appeal or in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255." *Id*. Mr. Quinones-Ojeda does not suggest any other basis for the exercise of jurisdiction and the Court is unaware of any legal authority under which it may proceed.

Because this Court does not have jurisdiction to modify Mr. Quinones-Ojeda's sentence, the Motion for Sentence Adjustment (**#26**) is **DENIED**.

Dated this 23rd day of November, 2011

**BY THE COURT:**

*(signature: Marcia S. Krieger)*

Marcia S. Krieger
United States District Judge